J-S71020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUAN MULERO | |
| Appellant | No. 2503 EDA 2016 |

Appeal from the PCRA Order entered June 28, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0900851-2000

BEFORE: PANELLA, STABILE, and PLATT,* JJ.

MEMORANDUM BY STABILE, J.:          **FILED FEBRUARY 14, 2018**

Appellant, Juan Mulero, appeals *pro se* from the June 28, 2017 order entered in the Court of Common Pleas of Philadelphia County, dismissing his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

The PCRA court summarized the relevant facts and procedural history as follows.

> On May 12, 2003, following a non-jury trial[, Appellant] was convicted of first-degree murder and possession of an instrument of crime. On July 1, 2003, [Appellant] was sentenced to life imprisonment on the murder conviction and a lesser concurrent term of incarceration on the remaining conviction. Following a direct appeal, the Superior Court affirmed the judgment of sentence on April 6, 2004. [Appellant] did not seek allowance of appeal in the Pennsylvania Supreme Court.

_____

* Retired Senior Judge assigned to the Superior Court.

On July 8, 2005, [Appellant] filed his first *pro se* PCRA petition. Counsel was appointed and subsequently filed a **Turner**/**Finley** no-merit letter. The PCRA court denied the petition on March 7, 2007 and granted counsel leave to withdraw. The Superior Court affirmed the PCRA court's order on October 25, 2007.

On December 14, 2015, [Appellant] filed the instant pro se PCRA petition, his second. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of the lower court's intention to dismiss his petition on April 26, 2016. [Appellant] submitted responses to the Rule 907 notice on May 9, May 18, and June 13, 2016. On June 28, 2016, the PCRA court dismissed his petition as untimely. On July 22, 2016, [Appellant timely appealed.]

PCRA Court Opinion, 3/1/17, at 1-2 (footnotes omitted).

On appeal, Appellant challenges the PCRA court's dismissal of the instant petition as untimely, arguing he should be released from custody because the evidence was insufficient to sustain his convictions and because the "Commonwealth . . . failed to provide and connect letter brief statement at trial served by [Commonwealth] to [Superior Court Prothonotary] in August 22, 2007." Appellant's Brief at 4.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this

Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady*[1] claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.") (citing *Commonwealth v. Fahy*, 737 A.2d 214, 223 (1999)).

Finally, the exception to the PCRA's one-year time limit requires petitioners to file their PCRA petition within sixty days of the date the claim could have been presented. Thus, petitioners must plead and prove specific facts demonstrating their claim was raised within the sixty-day time frame of Section 9545(b)(1)(ii). *See* 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Hernandez*, 79 A.3d 649, 651-52 (Pa. Super. 2013).

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

Even though the PCRA court dismissed the instant petition as untimely, Appellant nowhere addressed the timeliness of his petition in his appellate brief. A review of the record reveals that Appellant's sentence became final on May 6, 2004, 30 days after the judgment of sentence was affirmed and the filing period for a petition for allowance of appeal expired. The instant petition, which was filed on December 14, 2015, is therefore facially untimely.

To overcome the facial untimeliness, before the PCRA court but not here, Appellant argued that he was entitled to a retroactive application of **Alleyne**.[2] The PCRA court rejected the argument noting that **Alleyne** is not applicable to cases, like the instant one, pending on collateral review, citing *inter alia*, **Commonwealth v. Washington,** 142 A.3d 810, 820 (Pa. 2016) ("We hold that **Alleyne** does not apply retroactively to cases pending on collateral review[.]"). The PCRA court also noted that Appellant failed to bring his **Alleyne** claim within 60 days of the date the case was decided.

We agree with the PCRA court's analysis and conclusions. Accordingly, we affirm the order of the PCRA court dismissing Appellant's PCRA petition as untimely.[3]

---

[2] **Alleyne v. United States**, 133 S. Ct. 2151, 2161-63 (2013) (holding that any fact other than a prior conviction that triggers a mandatory minimum sentence must be found by a jury beyond a reasonable doubt).

[3] Regarding the merits of his claims, even if we were to review them, we would note Appellant's first claim is not cognizable under the PCRA. Indeed, Appellant cannot challenge the sufficiency of the evidence of his convictions in a PCRA proceeding. **See generally Commonwealth v. Price**, 876 A.2d

- 4 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/14/18

_____

988, 995 (Pa. Super. 2005) (rejecting sufficiency claim that was raised on PCRA appeal without an ineffective assistance of counsel analysis because it is not cognizable under the PCRA); **Commonwealth v. Bell**, 706 A.2d 855, 861 (Pa. Super. 1998) (explaining that sufficiency-of-the-evidence claims are not cognizable in the context of a PCRA petition).

Regarding Appellant's second claim, it is unclear whether he is raising an evidentiary claim or a violation of the rules of appellate procedure in connection with the direct appeal. Either way, these claims cannot be raised for the first time on appeal from the denial of his second PCRA petition. Pa.R.A.P. 302.

Accordingly, the claims, even if preserved, could not have been reviewed.